# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WARREN DWAYNE VASSER,<br><br>　　　　　　　　Defendant. | 8:17CR372<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 100.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On September 10, 2018, the Defendant pled guilty to Counts I, II, and III of the Indictment, charging him with Armed Bank Robbery or Aiding and Abetting Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I), Brandishing a Firearm During a Crime of Violence or Aiding and Abetting Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count II), and Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1) (Count III). He was sentenced on

December 10, 2018, to a term of 48 months on Counts I and III, concurrent, and 84 months on Count II, consecutive, followed by five years of supervised release on Counts I and II and three years on Count III, all concurrent. He did not appeal.

The Defendant now argues that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), provides him with relief because the predicate offense of bank robbery was not categorically a violent crime sufficient to support a conviction on Count II. The Defendant asserts that bank robbery under 18 U.S.C. §2113(a) may be committed through *intimidation*, as well as through force and violence, and that the statute includes the offense of entering financial institutions with the intent to commit any felony affecting the institution, or any larceny.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>  2255
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In *Davis,* decided June 24, 2019, the Supreme Court held the residual clause of 18 U.S.C. § 924(c), defining a "crime of violence" in § 924(c)(3)(B), is unconstitutionally vague. The Defendant asserts that his Motion is timely under §2255(f)(3), because it was filed within one year of the Supreme Court's decision in *Davis,* and that bank robbery falls within the residual clause of § 924(c)*.*

Whether or not the *Davis* decision is one made retroactively applicable to cases on collateral review, and whether the Defendant's Motion is thus timely or not, the Motion is without merit.

"Crime of violence" is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Defendant's crime of bank robbery was a qualifying predicate offense as a crime of violence under § 924(c)(3)(A). See *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding bank robbery under § 2113(a) qualifies as crime of violence under § 924(c)(3)(A), even when committed by intimidation).

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF 100;

2. The Motion, ECF No. 100, is summarily denied;

3. No certificate of appealability will be issued;

4. A separate Judgment will be entered;

5. The Clerk is directed to mail a copy of this Judgment to the Defendant at his last known address.

Dated this 30th day of January 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge